IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL A. ROYSTER,
    Plaintiff,

vs.                              Case No.:  3:06cv533/MCR/EMT

STATE OF FLORIDA
and JUDGE FRANK BELL,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Also pending is Plaintiff's motion to proceed in forma pauperis (Doc. 2). For the limited purpose of dismissal of this action, leave to proceed in forma pauperis shall be granted.[1]

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same

---

[1]Plaintiff is a regular litigant in this court.  This is the sixteenth case he has filed in this court in the past three years.  The court has allowed Plaintiff to proceed in forma pauperis in each of his cases.  To date, eight of Plaintiff's cases have been dismissed for failure to state a claim, four have been dismissed as frivolous, and three have been dismissed for Plaintiff's failure to prosecute and failure to comply with orders of the court.

standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle her to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of Plaintiff's complaint, the court concludes that Plaintiff has failed to state a claim for relief.

Plaintiff names the State of Florida and the Honorable Frank Bell, a judge in the Circuit Court for Escambia County, Florida, as Defendants in this action (Doc. 1 at 1, 2).  He claims that Judge Bell violated his constitutional rights to a jury trial and due process in a matter over which Judge Bell presided and Plaintiff was a party (*id*. at 3).  Plaintiff alleges that on November 28, 2006, he appeared before Judge Bell for what he believed was a case management conference, pursuant to a notice he received from the clerk of court (*id*.).  Plaintiff told Judge Bell that he desired a jury trial, but Judge Bell told him that he would not get one (*id*.).  Plaintiff then stated he would appeal this decision, but Judge Bell told him that he could not appeal (*id*.).  Judge Bell then placed the other party, Alberta Royster, under oath (*id*.).  Plaintiff states that the proceeding was not transcribed, and that Judge Bell made a decision without permitting Plaintiff to question Ms. Royster (*id*.). Additionally, Plaintiff complains that Judge Bell did not appoint an attorney for him (*id*.).  Plaintiff claims that Defendants violated his Sixth and Fourteenth Amendment rights (*id*. at 4).  Additionally, he seeks to impose criminal liability against Defendants pursuant to 18 U.S.C. § 242 (*id*.).  Plaintiff seeks injunctive relief from this court in the form of an order preventing Judge Bell from conducting trials in his chambers unless a record of the proceedings is created and preventing Judge Bell from conducting case management conferences until he complies with the Sixth and Fourteenth Amendments (*id*.).  Additionally, Plaintiff seeks compensatory damages in the amount of $100,000.00 (*id*.).

Initially, it is well established that a state is not a person within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989).  Therefore, Plaintiff's claims against the State of Florida should be dismissed.

Additionally, Plaintiff's claim under 18 U.S.C. § 242 is frivolous, as that statute is criminal in nature and does not create a private right of action.  *See* Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges, 248 F. Supp. 2d 17 (D.D.C. 2003) (there is no private right of action under federal criminal statutes, proscribing deprivation of rights under color of law); Figueroa v. Clark, 810 F. Supp. 613 (E.D. Pa. 1992) (statutes establishing criminal liability for certain deprivations of civil rights do not give rise to civil cause of action); Powell v. Kopman, 511 F. Supp. 700 (S.D.N.Y. 1981) (section 242, which is the criminal analogue to section 1983, does not create a private right of action); Purk v. United States, 747 F. Supp. 1243 (S. D. Ohio 1989) (same).

Plaintiff's claims under § 1983 against Judge Bell should also be dismissed.  It is well established that Plaintiff may not maintain a suit for damages against Judge Bell because judges acting in their judicial capacity are absolutely immune from damages suits.  Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 2815-16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925-26 (11th Cir. 1991).  Immunity may be overcome only: (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996).  The relevant inquiry is the "nature" and "function" of the act, not the "act itself."  Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362).  In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority.  Stump,

435 U.S. at 355-357; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084-85 (citing Stump, 435 U.S. at 356-57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946-47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

   Turning to the instant case, the conduct of which Plaintiff complains is a function normally performed by a judge. Furthermore, as Plaintiff was a party in the case over which Judge Bell presided, he dealt with Judge Bell in his judicial capacity; indeed, Plaintiff concedes that Judge Bell was acting in his judicial capacity (*see* Doc. 1 at 3). Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Bell acted in the complete absence of all jurisdiction. Therefore, Plaintiff's claim for monetary damages is barred.

   Finally, Plaintiff's request for injunctive relief is moot. Article III, United States Constitution, requires that there be present before the court a live, justiciable case or controversy at all stages of the litigation. Preiser v. Newkirk, 422 U.S. 395, 401-02, 95 S. Ct. 2330, 2334, 45 L. Ed.2 d 272 (1975). Absent such criterion, the district court has no jurisdiction over the cause as federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them. *Id.* A federal court has the power and the obligation at any stage of the proceedings to inquire into subject matter jurisdiction, and if jurisdiction cannot be maintained, the

court must dismiss the case.  *See* Fed. R. Civ. P. 12(h)(3); Preiser, 422 U.S. at 403-04; Fitzgerald v. Seaboard System R.R. Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

In the instant case, Plaintiff alleges that Judge Bell conducted the trial and made a ruling in his case on November 28, 2006, the day before Plaintiff filed the instant action.  This court may not grant a remedy of any benefit to Plaintiff against Judge Bell for the alleged violation of his rights, because the proceeding in which he was involved concluded.  At that point, any claim Plaintiff may have had against the judge for declaratory and injunctive relief became moot.  *See* Davis v. Page, 714 F.2d 512, 519 (11th Cir. 1983) (citation omitted).  Furthermore, Plaintiff does not allege that he may be a litigant in any future proceedings before Judge Bell.  Therefore, his claim does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine.  *Id.* at 519 n.2 (citation omitted).

In sum, because Plaintiff has failed to state a claim on which relief may be granted as to either of the named Defendants, this case should be dismissed.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 15th day of December 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**